| | |
|---|---|
| RAMON MATOS<br>PLAINTIFF<br><br>Versus<br><br>C.W.C. OF MIAMI INC.<br>DBA LAS PALMAS RESTAURANT<br>AND<br>MARIO JOSE MAGALHAES<br>DEFENDANTS | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF FLORIDA<br>CIVIL DIVISION<br>CASE # 2017-21609-CIV-RNS<br>JUDGE ROBERT N. SCOLA, JR<br>MAGISTRATE JUDGE EDWIN G. TORRES |

### ANSWER TO SECOND AMENDED COMPLAINT
### FILED BY
### C.W.C. OF MIAMI INC. D.B.A. LAS PALMAS RESTAURANT
### AND MARIO JOSÉ MAGALHAES

In answer to the 9-25-2017 Second Amended Complaint, C.W.C. of Miami Inc. doing business as Las Palmas Restaurant and Mario Jose Magalhaes state:

Deny the unnumbered first paragraph of the Second Amended Complaint. Ramon Matos does not have legal authority or standing to maintain an action for anyone other than himself.

1. Deny the allegations in paragraph 1 of the Second Amended Complaint. The Fair Labor Standards Act provisions for "**ENTERPRISE COVERAGE**" and "**INDIVIDUAL COVERAGE.**" Do not apply because 29 U.S.C. § 203(s)(1)(A)(ii) requires:

   [An] "**ENTERPRISE ENGAGED IN COMMERCE** means an **ENTERPRISE** whose annual gross volume of sales made, or business done, **IS NOT LESS THAN $500,000.**"

   "Enterprise engaged in commerce, or in the production of goods for commerce," means an enterprise that…has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and… (Or) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated.

1

Las Palmas is a small downtown Miami cafeteria with annual gross sales less than half the statutorily required $500,000 per year.

In addition, Las Palmas does not have employees "engaged in commerce or in the production of goods for commerce. Likewise, Las Palmas does not have employees "engaged in commerce, or in the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." Therefore, the Fair Labor Standards Act. does not apply to Las Palmas Restaurant.

2. Admit the allegations of paragraph 2 of the Second Amended Complaint.

3. Admit that Las Palmas Restaurant regularly transacts business in Miami-Dade County, Florida. Deny that Las Palmas is a Fair Labor Standards Act Employer. Deny the remainder of paragraph 3.

4. Deny the allegations of paragraph 4 of the Second Amended Complaint.

5. Admit that the admitted facts took place in Miami-Dade County. Deny that Las Palmas Restaurant and Mario José Magalhaes committed any "omissions." Deny the remainder of paragraph 5 of the Second Amended Complaint.

6. Deny that any violations of the laws of the United States were committed by Las Palmas Restaurant or Mario José Magalhaes. Deny the remainder of paragraph 6 of the Second Amended Complaint.

7. Deny that this case is brought "pursuant to the Fair Labor Standards Act.

8. Admit that 29 U. S.C § 207 is correctly quoted. Deny the remainder of paragraph 8 of the Second Amended Complaint.

9. Admit that Ramon Matos delivered some orders to Las Palmas customers and stocked some Las Palmas Restaurant inventory. Deny the remainder of paragraph 9 of the Second Amended Complaint.

10. Deny the allegations of paragraph 10 of the Second Amended Complaint.

11. Deny the allegations of paragraph 11 of the Second Amended Complaint.

12. Deny the allegations of paragraph 12 of the Second Amended Complaint. The annual gross volume of sales of Las Palmas Restaurant was less than half of the required $500,000 threshold from the date of the commencement of the current ownership in August 2015.

13. Deny the allegations of paragraph 13 of the Second Amended Complaint.

14. Admit that Ramon Matos was at Las Palmas Restaurant most weeks about 50 hours. For that time, Las Palmas Restaurant paid Ramon Matos $4.00 per hour worked plus $1 for each delivery plus all tips he received plus breakfast, lunch, and coffee each day at cost. The United States Department of Labor requires in its Fact Sheet #2, copy attached:

"Food Credit: The employer may take credit for food which is provided at cost."

The "at cost" breakfast, lunch, and unlimited coffee avidly consumed each day by Ramon Matos therefore count towards satisfying the minimum wage requirement. That total was greater than the required minimum wage. No violation of the Fair Labor Standards Act occurred. Deny the remainder of paragraph 14 of the Second Amended Complaint.

15. Deny the allegations of paragraph 15 of the Second Amended Complaint.

3

>  Deny the applicability and propriety of the demands made in the unnumbered "Wherefore" clause of the Second Amended Complaint.

16. Section 206 (a)(1) of the United States Code referenced in paragraph 16 of the Second Amended Complaint speaks for itself.

17. Las Palmas Restaurant and Mario José Magalhaes deny the allegations of paragraph 17 of the Second Amended Complaint.

18. Las Palmas Restaurant and Mario José Magalhaes deny the allegations of paragraph 18 of the Second Amended Complaint.

19. Deny the allegations of paragraph 19 of the Second Amended Complaint.

>  Object to the legal conclusions contained within the unnumbered paragraph of the Second amended complaint.

20. Florida Statute 448.110 (3), Article X of the Florida Constitution, and sections 213 and 214 of the Fair Labor Standards Act as interpreted by applicable federal regulations referenced in paragraph 20 of the Second Amended Complaint speak for themselves. Deny the remainder of paragraph 20 of the Second Amended Complaint.

21. Florida Statute 448.110 (4) (a) referenced in paragraph 21 of the Second Amended Complaint speaks for itself. Deny the remainder of paragraph 21.

22. Deny the allegations of paragraph 22 of the Second Amended Complaint.

23. Admit that Ramon Matos sent the referenced letter to Las Palmas Restaurant about March 21, 2017. That letter was sent under case number 1:17-CV-21074-UU which this Court dismissed. Deny the remainder of paragraph 23 of the Second Amended Complaint.

24. Federal Rule of Civil Procedure 5(b)(1) speaks for itself. Deny the remainder of paragraph 24 of the Second Amended Complaint.

25. Admit that Ramon Matos sent the referenced letter to Las Palmas Restaurant about August 7, 2017. Deny the remainder of paragraph 25 of the Second Amended Complaint.

26. Florida Statute 448.110 (6) (b) speaks for itself. Admit that the parties "have been unable to resolve their dispute regarding the claim of Ramon Matos. Deny the remainder of paragraph 26 of the Second Amended Complaint.

27. The dates and amounts of the changes in the Florida Minimum Wage law are public record. The parties are bound by those public records. Deny the remainder of paragraph 27 of the Second Amended Complaint.

28. Admit that Ramon Matos worked an average of 50 hours per week for Las Palmas Restaurant. Deny the remainder of paragraph 28 of the Second Amended Complaint.

29. Deny the allegations of paragraph 29 of the Second Amended Complaint.

30. Deny the allegations of paragraph 30 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

C.W.C. of Miami /dba/ Las Palmas Restaurant is not a Fair Labor Standards Act employer under the 'enterprise coverage" or the "individual coverage".

### Second Affirmative Defense

Defendant Mario Jose Magalhaes is not an employee, owner, manager, president, or corporate officer of C.W.C. of Miami /dba/ Las Palmas Restaurant. Therefore, Mario Jose Magalhaes is not personally liable for the claims made by Ramon Matos against C.W.C. of Miami.

### Third Affirmative Defense

Plaintiff Ramon Matos did receive the hourly wage required by the Florida Minimum Wage Act. (Fla. Stat. 448.110) and the Federal Fair Labor Standards Act.

### CERTIFICATE OF E-FILING AND E-SERVICE

This document was E-filed and E-served on October 9, 2017 to:

Neil Tobak
J.H. Zidell P.A.
300 71st Suite 605
Miami Beach, FL 33141
P 305-773-3269
ntobak.zidellpa@gmail.com

Rivkah Fay Jaff
J.H. Zidell, P.A.
300-71st Street, Ste 605
Miami Beach, FL 33141
P 305 865-6766
rivkah.jaff@gmail.com

Jamie H. Zidell
300 71st Street
Suite 605
Miami Beach, FL 33141
P 305-865-6766
F 305-865-7167
zabogado@aol.com

Bill Ullman
1 NE 2 Ave
Suite 200
Miami, FL 33132
Executive Assistant Maribel Garcia
Attys for Las Palmas Restaurant and Mario Jose Magalhaes and Mario Ferrari Magalhaes
P 305-358-0284
F 888-441-7019
C 305-358-0284

Rosenny Burgos

bill@billullman.com
rburgos@billullman.com

ans 2nd amndd cmplnt 10-9-2017